# UNITED STATES DISTRICT COURT
## District of Oregon

FILED 4 MAR '24 10:31 USDC-ORP

EDMOND FERREIRA  
*Petitioner*

v.

Case No. 3:24-cv-00402-JE  
*(to be assigned by the Clerk of Court)*

ISRAEL JACQUEZ  
*Respondent*  
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Edmund S. Ferreira III
   (b) Other names you have used:

2. Place of confinement: **Bureau Of Prisons**
   (a) Name of institution: **FCI Sheridan Camp**
   (b) Address: **P.O. Box 6000, Sheridan, Oregon 97378**
   (c) Your identification ("SID") number: 12133-122

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Indicate that you are currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   
   If you are currently serving a sentence, provide:
   (a) Name and location of the court that sentenced you: **United States Distict Court, District of Hawaii**
   (b) Docket number of criminal case: 1:21CR00053-001
   (c) Date of sentencing: 11-16-2021
   
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

## Decision or Action You Are Challenging

5. Indicate what you are challenging in this petition:

    ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

    ☐ Pretrial detention

    ☐ Immigration detention

    ☐ Detainer

    ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

    ☐ Disciplinary proceedings

    ☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

    (a) Name and location of the agency or court: **Bureau of Prisons, FCI Sheridan Camp, Sheridan, Oregon 97378**

    (b) Docket number, case number, or opinion number: **Not applicable**

    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

    **Refusal to apply earned FSA Time Credits post-sentencing**

    (d) Date of the decision or action: **November 2023**

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

    Did you appeal the decision, file a grievance, or seek an administrative remedy?

    ☐ Yes          ☒ No

    (a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not appeal: **Pursuant to Huihui v Derr (US Dist Court Hawaii, June 2023), Honorable Judge Otake ruled pursuit of administrative remedies on this issue would be futile.**

8. **Second appeal**

   After the first appeal, did you file a second appeal to a higher authority, agency, or court?

   ☐ Yes  ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

   (b) If you answered "No," explain why you did not file a second appeal:    **See 7b**

9. **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes  ☒ No

   (a) If "Yes," provide:

   (1) Name of the authority, agency, or court:

   (2) Date of filing:

   (3) Docket number, case number, or opinion number:

   (4) Result:

   (5) Date of result:

   (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:     **See 7b**

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

  Yes          ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

  ☐ Yes          ☐ No

  If "Yes," provide:
  (1) Name of court:
  (2) Case number:
  (3) Date of filing:
  (4) Result:
  (5) Date of result:
  (6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

  ☐ Yes          ☐ No

  If "Yes," provide:
  (1) Name of court:
  (2) Case number:
  (3) Date of filing:
  (4) Result:
  (5) Date of result:
  (6) Issues raised:

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

Yes          ☒ No

If "Yes," provide:

(a)  Date you were taken into immigration custody:

(b)  Date of the removal or reinstatement order:

(c)  Did you file an appeal with the Board of Immigration Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result:

(4) Date of result:

(5) Issues raised:

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing:

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

### Grounds for Your Challenge in This Petition

13. State every ground that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: The Respondent and his staff have refused to apply earned FSA Time Credits from the time the Petitioner was sentenced per the First Step Act and decisions in federal courts (most recently Huihui v. Derr, 9th Circuit, Hawaii 2023). The Petitioner is owed ___60___ days of FSA Time Credits.

## SUPPORTING FACTS

The Petitioner should be allowed to earn and apply FSA Time Credits from the time he was sentenced and in Bureau of Prisons custody until the completion of his sentence. The Bureau of Prisons adopted a policy to deny FSA Time Credits on January 19, 2022. This policy to deny Time Credits during transfer was challenged in the 9th Circuit. Two recent 9th Circuit cases (Patel v. Barron, Case No. C23-937, 2023 US Dist. Lexis 174601, WD Wash,. September 28, 2023 and Huihui v. Derr, Case No. 22-00541, 2023 US Dist lexis 106532, Hawaii, June 20, 2023) addressed this issue and awarded inmates Time Credits during transfer. The Huihui decision has a number of components that are applicable to this case, as well as indicate the Bureau of Prisons' misunderstanding of the law (First Step Act, 2018). Honorable Judge Jill Otake ruled in Huihui that "According to the BOP, Petitioner had not been designated to a BOP facility at the time Respondent filed her Response. See Robl Decl., ECF 13-1 at 4-5. Nonetheless, the Court concludes she (petitioner) was eligible to start earning FSA ECTs under Section 3585(a) on her October 26, 2022 sentencing date. Petitioner was received in custody awaiting transportation to the official detention facility which the sentence is to be served". With full knowledge of this ruling on June 20, 2023 in the United States District Court of Hawaii, FCI Sheridan issued a bulletin on November 20, 2023 completely contradicting Honorable Judge Otake's Order. The bulletin states that an inmate cannot receive FSA Time Credits post-conviction, prior to arrival at the facility where the inmate is to serve their sentence. It is completely disingenuous to suggest that the Bureau of Prisons is not, or was not, aware of Honorable Judge Otake's ruling. Rather the Bureau of Prisons and the Respondent have deliberately chosen to ignore the ruling as they do with the law itself.

The Petitioner was in compliance before and during transfer to qualify for earned Time Credits. As such, they should be applied.

## EXHAUSTION REQUIREMENT

In addition to Honorable Judge Otake's ruling regarding earned Time Credits, 9th Circuit Courts have addressed the exhaustion requirement associated with seeking relief. In Huihui v. Derr, the court excused exhaustion because "further pursuit would be a futile gesture because there is an error in [the BOP's] understanding when petitioner can begin earning Credits under 18 U.S.C. 3632(d)(4)(B) and 3632(a). Any further administrative review would not preclude the need for judicial review".

Currently before the United States District Court of Oregon are a host of cases (as confirmed by the United States Attorney in Newell v. Jacquez) involving the lengths that the Respondent has gone to to thwart the administrative remedy process. This alone makes a strong argument for excusing the lack of exhaustion even if the aforementioned case law did not exist. The Respondent and his staff have ignored administrative remedy submissions on over 50 cases in 2023 leaving inmates no choice but to file with the federal courts.

PAGE 8A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

See attached page 8A

(b) Did you present Ground One in all appeals that were available to you?
☒ Yes                ☐ No

## GROUND TWO:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes                ☐ No

## GROUND THREE:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes                ☐ No

(a) Supporting facts *(Be brief. Do not cite cases or law.)*

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State what you want the Court to do: **Order the Respondent to calculate and apply ALL earned FSA Time Credits from the date that the Petitoner was sentenced and detained.**

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system *

**February 27, 2024**

I declare under penalty of perjury that I am the petitioner. I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date 2/27/24

Signature of Petitioner

Signature of Attorney or other authorized person, if any

---

* As noted in the instructions to this form (at #6), if you are incarcerated at Snake River Correctional Institution, you must comply with the requirements of the E-Filing Program posted at the institution and set forth in Standing Order 2019-7. Accordingly, you must submit your filings in this case to Snake River Correctional Institution staff for scanning and electronic submission, instead of mailing the filing using the U.S. Postal Service. Please indicate the date you submitted this petition to Snake River Correctional Institution staff for scanning and electronic submission, if you are incarcerated there.

Edward Ferreira
Reg No. 12133-122
Federal Correctional Inst.
Satellite Camp
P.O. Box 6000
Sheridan, OR 97378





Retail
U.S. POSTAGE PAID
FCM LG ENV
SHERIDAN, OR 97378
FEB 29, 2024
97204
$0.00
RDC 99
R2305M143358-09

U.S. Dist. Court
1000 SW Third Ave. Rm 740
Portland, OR 97204

97204-293790